UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DUANE JONES,

    Petitioner,

v.                                                CASE NO. 6:12-cv-1313-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254 (Doc. No. 1). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the petition for writ of habeas corpus in compliance with this Court's instructions (Doc. No. 11). Petitioner filed a reply to the response (Doc. No. 15).

Petitioner alleges one claim for relief in his habeas petition, counsel rendered ineffective assistance by improperly advising him he was subject to prison releasee reoffender ("PRR") and habitual felony offender ("HFO") enhancements and by failing to challenge the enhancements. Petitioner contends that counsel's improper advice resulted in his plea being involuntary. For the following reasons, the petition is denied.

I.  *Procedural History*

Petitioner was charged by information in case number 2009-cf-22165 with aggravated battery (count one), two counts of fleeing and eluding (counts two and four), false imprisonment (count three), possession of not more than twenty grams of cannabis (count five), driving while license canceled, suspended or revoked (count six), and two counts of leaving the scene of a crash involving personal injury (counts seven and eight). In accordance with the plea agreement, Petitioner entered a plea of no contest to counts one, two, and eight. Pursuant to the plea agreement, Petitioner was sentenced to a fifteen-year minimum mandatory term of imprisonment for count one, a fifteen-year term of imprisonment for count two, and a five year term of imprisonment for count eight with all sentences to run concurrently. Petitioner did not appeal.

Petitioner filed a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850. The state court denied relief. Petitioner appealed, and the Fifth District Court of Appeal of Florida affirmed *per curiam*.

II. *Legal Standards*

A. *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

>   (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The phrase "clearly established Federal law," encompasses only the holdings of the Supreme Court of the United States "as of the time of the relevant state-court decision." *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider." *Maharaj v. Sec'y for Dep't of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005). The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

> Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts. Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable." *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." A determination of a

3

factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

*B.     Standard for Ineffective Assistance of Counsel*

The Supreme Court of the United States in *Strickland v. Washington*, 466 U.S. 668 (1984), established a two-part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and "fell below an objective standard of reasonableness"; and (2) whether the deficient performance prejudiced the defense.[1] *Id*. at 687-88.   The prejudice requirement of the *Strickland* inquiry is modified when the claim is a challenge to a guilty plea based on ineffective assistance.   *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).   To satisfy the prejudice requirement in such claims, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."   *Id.* at 59.

A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.   *Strickland*, 466 U.S. at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of

---

[1] In *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993), the Supreme Court of the United States  clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable.

counsel's conduct." *Id*. at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel:

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). Under those rules and presumptions, "the cases in which habeas petitioners can properly prevail on the ground of ineffective assistance of counsel are few and far between." *Rogers v. Zant*, 13 F.3d 384, 386 (11th Cir. 1994).

### III. Analysis

Petitioner maintains that counsel rendered ineffective assistance by advising him he was subject to PRR and HFO enhancements and by failing to challenge the enhancements. In support of his claim, Petitioner admits he was released from prison on another conviction on May 17, 2007. Nevertheless, Petitioner argues that his sentence in the prior case was illegal and was completed on April 24, 2003. Petitioner contends that counsel's improper advice resulted in his plea being involuntary.

Petitioner raised this claim in his Rule 3.850 motion. The state court denied relief. The state court reasoned that Petitioner's sentence from his prior conviction was

affirmed by the Fifth District Court of Appeal and thus was not illegal. (App. G at 3.) The state court further determined that even if Petitioner was entitled to an earlier release from prison, under Florida law, the applicability of PRR and HFO enhancements are determined by a prisoner's actual release from custody. *Id*. at 3-4 (citing *Fitzpatrick v. State*, 868 So. 2d 615 (Fla. 2d DCA 2004)). The state court concluded, therefore, that counsel's advice that Petitioner qualified as a PRR and HFO was correct, and Petitioner failed to demonstrate that counsel was ineffective or that his plea was involuntary. *Id.* at 4.

Petitioner has failed to establish that the state court's denial of this claim is contrary to, or an unreasonable application of, *Strickland* or an unreasonable determination of the facts. Petitioner challenged his sentence from his prior conviction, and the state court found that it was legal. *See* App. G, Ex. J. Moreover, Petitioner was not actually released from prison until May 17, 2007.

Pursuant to Florida law, the commission of an offense within three years from the defendant's actual release from prison qualifies the defendant for a PRR enhancement regardless of whether the defendant should have been released earlier. *See Fitzpatrick*, 868 So. 2d at 617 ("Because [the defendant] committed a qualifying offense during the three-year period following his actual release from prison, he cannot avoid the enhanced sentence for which he qualifies under the PRR Act. The fact that he qualified for an earlier release. . . does not assist him, particularly in light of the legislative intent to prevent a person from committing a qualifying offense for three

years after the person's release from custody and return to society."). Likewise, an HFO enhancement applies when the offense is committed within five years of the defendant's release from prison. *See* Fla. Stat. § 775.084(1)(a) (2009). Counsel, therefore, had no basis on which to advise Petitioner that he was not subject to a PRR or HFO enhancement, nor did he have a basis to object to the enhancements, because Petitioner's prior sentence had not been found to be illegal and Petitioner was actually released from prison within three years of the date of the commission of the offenses at issue in this case. Petitioner has not demonstrated either deficient performance or prejudice nor has he established that his plea was involuntary based on counsel's advice. Accordingly, Petitioner's claim is denied pursuant to Section 2254(d).

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

## IV.    *Certificate of Appealability*

This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lamarca v. Sec'y, Dep't of Corr.*, 568 F.3d 929, 934 (11th Cir. 2009). When a district court dismisses a federal habeas petition on procedural grounds without reaching the underlying constitutional claim, a certificate of appealability should issue only when a petitioner

shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *Lamarca*, 568 F.3d at 934. However, a prisoner need not show that the appeal will succeed. *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003).

Petitioner has not demonstrated that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. Moreover, Petitioner cannot show that jurists of reason would find this Court's procedural rulings debatable. Petitioner has failed to make a substantial showing of the denial of a constitutional right. Thus, the Court will deny Petitioner a certificate of appealability.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) filed by Duane Jones is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. Petitioner is **DENIED** a Certificate of Appealability.

3. The Clerk of the Court is directed to enter judgment accordingly and close this case.

**DONE AND ORDERED** in Orlando, Florida, this 11th day of December, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-1 12/11
Counsel of Record
Duane Jones